**MANDATE**

08-Civ-2545(RMB)

09-3718-pr
Louis Daidone v. United States

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/13/2011

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand and eleven.

PRESENT:

    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
    REENA RAGGI,
            *Circuit Judges.*

-------------------------------------------------x

LOUIS DAIDONE,

        *Petitioner-Appellant,*

    v.                               No. 09-3718-pr

UNITED STATES OF AMERICA,

        *Respondent-Appellee.*

-------------------------------------------------x

**FOR PETITIONER-APPELLANT:**      James R. Froccaro, Jr., Port Washington, NY.

1

MANDATE ISSUED ON 07/12/2011

**FOR RESPONDENT-APPELLEE:**                KARL METZNER, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, *on the brief,* Karl Metzner and Jennifer G. Rodgers, Assistant United States Attorneys, *of counsel*), Office of the United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Petitioner-appellant Louis Daidone ("Daidone") appeals from a Decision and Order of the District Court entered on August 24, 2009, denying Daidone's motion to vacate or set aside the judgment pursuant to 28 U.S.C. § 2255. Daidone was convicted of various racketeering and loansharking charges in 2004. We affirmed his conviction and sentence in 2006. *See United States v. Daidone,* 471 F.3d 371 (2d Cir. 2006). In his petition for habeas relief, Daidone alleged constitutionally ineffective assistance of trial and appellate counsel for consenting to (or, in the case of appellate counsel, failing to contest on appeal) the admission at trial of a letter ("the letter") detailing the history of cooperation by a government witness, and for failing to object to references made by the government during summation to a letter filed pursuant to United States Sentencing Guidelines Manual § 5K1.1. We assume the parties' familiarity with the facts and procedural history of the case, and the issues raised on appeal.

We review *de novo* a district court's decision to grant or deny a petition for a writ of habeas corpus. *See, e.g., Overton v. Newton,* 295 F.3d 270, 275 (2d Cir. 2002). To prevail on a claim of ineffective assistance, the defendant must establish: "(1) that counsel's performance was so unreasonable under prevailing professional norms that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment . . . and (2) that counsel's ineffectiveness prejudiced the defendant such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *United States v. Gaskin,* 364 F.3d 438, 468 (2d Cir. 2004) (internal quotation marks omitted) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984)). In applying the first prong of the test, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. To prevail, a defendant must also meet the test of the

2

second prong of *Strickland*—that is, defendant must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Substantially for the reasons stated by Judge Berman in his comprehensive and careful Decision and Order, *Louis Daidone v. United States of America*, 08 Civ. 2545 (RMB), 2009 WL 2611943 (S.D.N.Y. Aug. 24, 2009), we hold that the District Court did not err in dismissing Diadone's petition for habeas review. We note that, although the government agrees that certain provisions of the letter should have been redacted before being admitted, such a small portion of a letter in a trial in which overwhelming evidence was presented is not sufficient to warrant the extraordinary remedy of overturning the conviction in this case. Accordingly, we affirm the judgment disposing of all claims.

## CONCLUSION

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit